Harold T. Walker, Chief Counsel Unified Government of Wyandotte County/Kansas City, Kansas Ninth Floor, Municipal Office Building 701 North Seventh Street Kansas City, Kansas 66101
Dear Mr. Walker:
You request our opinion regarding whether the Chief Executive/Mayor (Mayor) of the Unified Government of Wyandotte County/Kansas City, Kansas (Unified Government) is a member of the "governing body" for purposes of voting on certain zoning matters.
K.S.A. 1998 Supp. 12-757 provides, in part:
 "(d) [When] the planning commission submits a recommendation of approval or disapproval of such [zoning] amendment . . . the governing body may . . . override the planning commission's recommendation by a 2/3 majority vote of the membership of the governing body. . . .
. . . .
 "(f) [If] a protest petition against such [zoning] amendment is filed . . . the ordinance or resolution adopting such amendment shall not be passed except by at least 3/4 vote of all of the members of the governing body." (Emphasis added.)
The zoning statutes define "governing body" as "the governing body of a city in the case of cities and the board of county commissioners in the case of counties."[1]
K.S.A. 1998 Supp. 12-340 et seq. address the consolidation of Wyandotte County and Kansas City, Kansas. The consolidated city-county is a county and the governing body is considered to be county commissioners who may exercise all the powers and functions of a county.[2] It is also a city of the first class and the governing body may exercise all of the powers and functions of a city of the first class.[3]
In general, whether the mayor is a member of the governing body depends upon the terms of the charter of the municipality or the statutes under which the corporation is organized.[4]
In 1923, the Legislature included a mayor as part of a governing body:
 "In acts granting or limiting executive or administrative powers to city governments, or prescribing procedure, the designation of `the governing body' shall be held to include mayor and council, mayor and commissioners and board of commissioners, as the status of cities affected may require. . . ."[5] (Emphasis added.)
By law, the Unified Government is a city of the first class and, therefore, this statute is authority for the proposition that when the Unified Board of Commissioners decides city zoning matters, the Mayor is a member of the governing body because the zoning statutes grant executive or administrative power to the governing body to override the planning commission's recommendations and to adopt amendments to local zoning ordinances when valid protest petitions are filed.
However, we also review the Charter of the Unified Government in order to understand the role of the Mayor and the Unified Board of Commissioners.
Charter Ordinance No. 114 adopts the recommendations of the Consolidation Study Commission (Commission) that was adopted by the electorate on April 1, 1997.[6] Those recommendations provided that the Unified Government would have a legislative branch that would consist of a Unified Board of Commissioners (Commissioners):
 "Eight of the Commissioners will be nominated and elected in-districts newly designated . . . in order to increase the diversity of representation in the new Unified Government. Two more Commissioners will be nominated from within two newly designated Unified County Commission districts and elected at-large by eligible County voters. [The] Chief Executive/Mayor will act as the eleventh member and will be elected at-large."[7] (Emphasis added.)
Resolution No. R-1-97, which creates the Charter for the Unified Government, provides that the Unified Board of Commissioners is an "eleven member governing body . . . composed of a Mayor . . . and ten Commission members."[8] Section 4.01 states that the Mayor "shall be considered a member of the Commission and may vote as provided by law."
Pursuant to the Unified Government's Rules of Procedure (Rules), the Mayor only votes in the event of a tie or "where the full Commission lacks one vote of reaching the minimum number of votes required to take action, including those matters requiring super-majority approval or governing body approval."[9] In terms of overriding the planning commission's recommendations, the Rules require an affirmative vote of 8 commissioners.[10] Only if 7 commissioners vote in the affirmative may the Mayor cast an affirmative vote. If 8 or more commissioners vote in the affirmative, the Mayor may not vote. If there is a protest petition to a zoning amendment, the Rules require an affirmative vote of 9 commissioners to approve the amendment.[11] If only 8 commissioners vote to approve, the Mayor may vote to approve it.
The fact that the Mayor does not vote in every situation does not affect the Mayor's membership in the governing body.[12]
 "The fact that a statute gives a certain official the right to cast the deciding vote in case of a tie in a municipal governing body does not of itself make him a member of that body for the purposes of ascertaining a quorum or majority or for any other purpose. On the other hand, where an official is made a member of the council by its charter or statute, the fact that he is given the right to vote only in case of a tie does not affect his membership."[13] (Emphasis added.)
Given that Charter Ordinance No. 114, Resolution No. R-1-97 and the procedural rules of the Unified Government consider the Mayor to be a member of the governing body and that K.S.A. 12-104 defines "governing body" to include a mayor of a city of the first class, it is our opinion that the Chief Executive/Mayor of the Unified Government of Wyandotte County, Kansas City, Kansas is a member of the governing body for purposes of voting to override the planning commission's recommendation on a zoning amendment and for adopting amendments to zoning ordinances when a valid protest petition is filed.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] K.S.A. 12-742.
[2] K.S.A. 1998 Supp. 12-345.
[3] See footnote 2.
[4] 4 McQuillin, Mun. Corp. §§ 13.19, 13.25 (3rd ed.); 56 Am.Jur.2d Mun.Corp. § 165; 62 C.J.S. Mun. Corp. § 388.
[5] K.S.A. 12-104.
[6] Charter Ordinance No. 114, § 3.
[7] Consolidation Study Report, Chap. 3, pg. 23 (January 13, 1997).
[8] Unified Government Resolution No. R-1-97, § 3.10.
[9] Unified Government Resolution No. R-2-97, § 911.
[10] Unified Government Resolution No. R-2-97, § 514(g).
[11] Unified Government Resolution No. R-2-97, § 514(f).
[12] 4 McQuillin, Mun. Corp. § 13.19 (3rd ed.).
[13] 56 Am.Jur.2d Municipal Corporations § 176.